# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CIVIL ACTION NO. 3:09-cr-68 |
| ADAM JOHN VERDEKAL | (JUDGE CAPUTO) |

## MEMORANDUM

Petitioner Adam John Verdekal is an inmate at the United States Penitentiary Lee in Jonesville, Virginia. Presently before the Court is Verdekal's November 24, 2010 Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 49). Verdekal has also moved to amend this Motion. (Doc. 54). In these two combined Motions, Verdekal claims three separate grounds for ineffective assistance of counsel. For the reasons below, the Court will allow Verdekal to amend his Motion and will direct the parties to submit updated briefs.

## BACKGROUND

The following facts are not in dispute. On December 10, 2008, Verdekal was charged with retail theft in Columbia County, Pennsylvania. While on pretrial release for that charge, Verdekal was arrested for six bank robberies. He was indicted on the six bank robbery charges by a Federal Grand Jury on February, 24, 2009, and was arraigned before Magistrate Judge Thomas M. Blewitt on March 4, 2009, pleading not guilty to all six charges. Attorney Thomas Helbig was appointed to represent Verdekal on his federal charges. On April 29, 2009, the Columbia County Sheriffs took custody of Verdekal. He then pled guilty in the Court of Common Pleas of Columbia County to the retail theft charge, was sentenced

to a maximum of eighteen (18) months imprisonment, and was returned to federal custody. On July 17, 2009, Verdekal plead guilty to two counts of armed bank robbery and four counts of bank robbery pursuant to 18 U.S.C. § 2113(d) and (a), and was sentenced to one hundred twenty (120) months on each count to run concurrently on November 23, 2009. (J. at 2, Doc. 45). Verdekal did not appeal this sentence.

Petitioner alleges the following, additional facts. Verdekal informed his attorney in the Columbia County action, Attorney Leslie Bryden, that he intended to plead guilty on both the federal and state charges and asked for strategic advice in doing so. Attorney Bryden informed Verdekal that a plea on the federal charges would not impact his Columbia County sentence, but that he would need to consult with his federal attorney to determine whether the inverse was also true. He did, and Attorney Helbig similarly informed Verdekal that a plea in Columbia County would not impact his sentence on the federal charges. Relying on this representation, Verdekal pled guilty on the Columbia County charges prior to pleading on the federal charges. However, as a result, and contrary to Attorney Helbig's representation, Petitioner's criminal history category on the federal charges was enhanced by three points due to his guilty plea in Columbia County.

On November 24, 2010, Verdekal filed his Motion to Vacate pursuant to 28 U.S.C. § 2255. In his Motion, he brought two claims of ineffective assistance of counsel. First, Petitioner contends that if Attorney Helbig had advised him properly of the effect of pleading guilty in Columbia County, he would not have pled there prior the federal plea, which would have resulted in "a more favorable criminal history category of III and a guideline sentence of 87-108 months." (Mot. at 16, Doc. 49). Secondly, Verdekal claims that the sentencing court improperly found his criminal history to fall within category IV of the U.S. Sentencing

2

Guidelines Manual. Specifically, he believes that under §4A1.1 of the Guidelines, an earlier contempt of court charge in Luzerne County should only have enhanced his criminal history by one point instead of two actually imposed.

On February 25, 2011, the Court directed Verdekal to make a "*Miller*" election, informing Verdekal that his Section 2255 claim would either be ruled on as filed, possibly foreclosing future avenues of relief, or allowing him an opportunity to withdraw and re-file the Motion. *See United States v. Miller*, 197 F.3d 644, 652 (3d Cir.1999). Verdekal elected to have the Court review his Petition as filed, but moved on April 28, 2011 to amend his Motion. (Doc. 54). In his Motion to Amend, Verdekal further argues that if Attorney Helbig had properly advised him about the effect of pleading in the Columbia County matter, he would have exercised his right to a jury trial in the federal action against him.

**I. Standard of Review**

Motions made under 28 U.S.C. § 2255 are a form of habeas corpus, and "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 allows prisoners to collaterally attack their sentence by moving "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to prevail on a § 2255 motion, a petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir.2003). The remedy is intended only where "the claimed error of law was 'a fundamental defect which inherently results in a

complete miscarriage of justice.'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Section 2255(b) generally entitles a petitioner to a hearing on their motion:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b). Whether to conduct such a hearing is within the discretion of the district court. *U.S. v. Clive*, Criminal No. 05-0383, 2008 WL 3889726 at *3 (W.D. Pa. Aug. 19, 2008). Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts instructs that if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." In such instances, an evidentiary hearing is not required. *Gov't of Virgin Islands v. Nicholas,* 759 F.2d 1073, 1075 (3d Cir. 1985).

**II. Motion to Amend**

The Federal Rules of Civil Procedure apply fully to motions to amend habeas corpus motions. *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir. 1999). As such, the Court may give leave to amend such motions, and should freely do so "when justice so requires." Fed.R.Civ.P. 15(a)(2). The Supreme Court has encouraged generous application of this rule generally, allowing leave to amend "in the absence of evidence of 'undue delay, bad faith or

4

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment [or] futility of amendment.'" *Duffus*, 174 F.3d at 337 (citing *Foman v. Davis*, 371 U.S. 178, 182, (1962)). Of course, *pro se* filings, such as Verdekal's Motions, are to be construed liberally. *Hartmann v. Carroll*, 492 F.3d 478, 482 n.8 (3d Cir. 2007).

In the instant case, the Court sees no bad faith, dilatory motive, or undue prejudice in allowing Verdekal leave to amend his Section 2255 Motion. Moreover, upon reviewing his Motion to Amend, it appears that Verdekal was attempting not to supplant his original Motion, but to supplement it. Specifically, the Motion to Amend brought a new assistance of counsel claim, alleging that Verdekal would have exercised his right to trial in the federal matter if Attorney Helbig had correctly appraised him of the three point enhancement derived from his pleading guilty at the state court level. While this claim is somewhat derivative of the first ground for ineffective assistance of counsel in his original Motion–that Verdekal would not have pled guilty to the Columbia County charges prior to the federal charges but-for his attorney's inaccurate analysis–the Court does not find that this additional claim is entirely redundant or futile.

The difference between these two claims is subtle, but important. In its brief, the United States seizes upon that Verdekal knew he faced a maximum sentence of 130 years imprisonment when he pled to the federal charge, and that Verdekal could not have therefore been misled or misadvised by Attorney Helbig as to the effect of the his guilty plea at the state level. (Resp't's Br. at 12, Doc. 60). However, the United States has not briefed the issues from the original § 2255 Motion, namely that Attorney Helbig's misinformation allegedly caused Verdekal to enter a plea at the Court of Common Pleas to his detriment.

5

The Court expresses no opinion as to the viability of this particular claim, but believes that Verdekal did not intend to waive it in filing his Motion to Amend and that it should be properly briefed by both parties before considering it on the merits.[1]

Moreover, the Court can find no indication that, by filing a Motion to Amend, Verdekal was attempting to waive the second ground he claimed for ineffective assistance of counsel in his original Motion--that Attorney Helbig failed to correct an enhancement made in error under §4A1.1 of the U.S. Sentencing Guidelines Manual. It may well be the case that, as the United States claims, this issue is precluded by Verdekal's failure to appeal. *See United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993) ("The procedure for registering objection to errors in a sentencing proceeding is no longer obscure, and § 2255 is no longer a necessary stand-in for the direct appeal of a sentencing error because full review of sentencing errors is now available on direct appeal."). However, this claim also deserves a proper briefing by both parties before the Court determines if Verdekal is entitled to such relief.

Therefore, the Court will allow Verdekal's Motion to Amend his Section 2255 Motion and will direct both parties to submit complete briefs on the claims presented therein.

## **CONCLUSION**

The Court will allow Verdekal leave to amend his Section 2255 Motion and will construe both the original Motion and the Motion to Amend as a singular Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. §

---

[1] The United States did address this issue briefly, summarily that it is "within the range of ordinary competence for an attorney to advise a client to plead guilty to a state offense where the evidence was apparently very strong." (Resp't's Br. at 12, Doc. 60). The issue is not, however, whether Verdekal was improperly advised to plead guilty at the Court of Common Pleas, but whether he was inaccurately informed when doing so.

2255.  The Court believes that allowing this amendment is within the interests of justice as once a Section 2255 motion is decided on the merits, a party is generally precluded from filing a subsequent 2255 Motion, even on grounds not considered in the prior motion.  As the United States elected to construe Verdekal's April 28, 2011 Motion to Amend (Doc. 54) as superceding the original Motion (Doc. 49), both parties will be given leave to file full briefs pertaining to Verdekal's claims.  An appropriate order follows.


 December 22, 2011                                /s/ A. Richard Caputo
Date                                             A. Richard Caputo
                                                 United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

v.

ADAM JOHN VERDEKAL

CIVIL ACTION NO. 3:09-cr-68

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this 22nd day of December, 2011, **IT IS HEREBY ORDERED THAT:**

(1) Within twenty-one (21) days of the date of this Order, the United States shall respond to the allegations in Petitioner's 28 U.S.C. § 2255 Motion (Docs. 49 and 54);

(2) Petitioner shall, if he so desires, submit a reply to the United States's response within twenty-one (21) days of its filing;

(3) A determination of whether Petitioner shall be produced for a hearing will be held in abeyance pending submission of a response.


                                                 /s/ A. Richard Caputo
                                                 A. Richard Caputo
                                                 United States District Judge